HENRY MAGILL *v.* R. D. WATSON, ET AL.

**Action to Recover Personal Property—Averments in Petition.**

In an action to recover possession of personal property the petition must allege the value of the property sought to be recovered.

APPEAL FROM DAVIES CIRCUIT COURT.

October 9, 1874.

OPINION BY JUDGE LINDSAY:

Although this action was prosecuted by equitable proceedings, it is in all its characteristics an action to recover the possession of specific personal property. The petition described the certificates of deposit with as much accuracy as it was possible under the circumstances to do; but it was defective in failing to allege the actual value of the thing sought to be recovered.

This defect, however, was not objected to, and would now be unavailing if the judgment of the chancellor had cured it. The evidence as to the possession by appellant without right of the certificate of deposit for four thousand dollars, and as to the right of appellant to recover, is clear and conclusive; but the judgment must be reversed, because it fails to conform to the provisions of Sec. 360, of the Civil Code of Practice. It fails to assert the value of the property to be recovered, and is not in the alternative, as it should be. Appellant fails to make out his claim to the balance due on the capital stock in the Southern Bank of Kentucky. His cross-petition was properly dismissed.

The judgment in favor of appellees is *reversed,* and the cause remanded with instructions to amend their petition, should they offer to do so within a reasonable time, and in case such amendment is made, then for a judgment conformable to this opinion.

Judge Cofer not sitting.

*Sweeney & Stuart, for appellant.*
*Ray & Walker, for appellees.*